UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY DONNELL EATON, SR.,

        Plaintiff,

v.                                                            Case No. 3:18-cv-921-J-34MCR

WINN-DIXIE STORES, INC.,

        Defendant.
_____

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 6; Motion) filed on September 14, 2018. In the Motion, Defendant asserts that this case should be dismissed for lack of subject matter jurisdiction as the amount in controversy is less than $75,000.00. See generally Motion. Plaintiff has filed a response in opposition to the Motion. See Plaintiff's Motion to Object to a Dismissal (Doc. 7; Response) filed on September 20, 2018. For the reasons set forth below, the Court finds that the Motion is due to be granted.

      Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be

lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff initiated this action on July 27, 2018. See Complaint (Doc. 1). In the Complaint, Plaintiff specifically alleges damages in the amount of $10,000.00. See Complaint at 4. For this Court to have diversity jurisdiction over this matter, Plaintiff's damages must exceed $75,000.00. See 28 U.S.C. § 1332. Because Plaintiff fails to establish any other basis for the Court's subject matter jurisdiction over his claims, the Court will grant the Motion and dismiss this case without prejudice. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 6) is **GRANTED**.
2. This case is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk of the Court is directed to terminate any pending motions and deadlines and close the file.

4. Although Plaintiff has no right to a refund of his filing fee, in this limited circumstance, the Court will exercise its discretion to direct the Clerk of the Court to return to Plaintiff his full filing fee.[1]

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of March, 2019.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Pro Se Party

---

[1] Plaintiff is cautioned that if he files further actions in this Court, he will not receive such a courtesy.